UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

SUNTRUST BANK,

    Plaintiff,

-vs-                                        Case No.: 2:10-cv-706-FtM-36SPC

SUSAN HOLLY, also known as, SUSAN E.
HOLLY, also known as, SUSAN ERETT HOLLY,
Also known as SUSAN ERETT,

    Defendant.
_____

**ORDER**

This matter comes before the Court on the Defendant's Claim of Exemption and Request for Hearing (Doc. # 16) filed on February 24, 2012. On February 7, 2011, this Court entered final default judgment (Doc. # 12) against Defendant. Plaintiff filed a Motion for writ of garnishment (Doc. # 14) on January 9, 2012. This Court granted the writ of garnishment (Doc. # 15) on January 10, 2012. A Garnishment Notice was sent, by the Plaintiff, to Defendant. As required under Fla. Stat. § 77.041 (2012), Defendant was provided with a copy of "Notice to Defendant of Right Against Garnishment of Wages, Money, and Other Property" and the "Claim of Exemption and Request of Hearing" form (Doc. #14–2). Defendant filed the Claim of Exemption and Request for Hearing, asserting that the money held by the garnishee is exempt because Defendant "provide[s] more than one-half of the support for a child or other dependent and [has] net earnings of more than $500.00 per week, but [has] not agreed in writing to have wages garnished." (Doc. # 16).

The Defendant is entitled to a hearing as soon as possible after her request is received by the Court, provided that the Plaintiff files a timely objection to the Claim of Exemption. Fla. Stat. § 77.041(3) (2012). If the Plaintiff:

> [D]oes not file a sworn written statement that contests the defendant's claim of exemption within 3 business days after hand delivering the claim or request or, alternatively, 8 business days, if the claim and request were served by mail, no hearing is required and the clerk must automatically dissolve the writ and notify the parties of the dissolution by mail.

Id. In this case, the Plaintiff did not timely respond to the Claim of Exemption and Request for Hearing. The Court is unaware as to the date or manner by which Defendant delivered the Claim of Exemption to Plaintiff, as the parties have not stated such within their pleadings. However, regardless of the manner, the time period for Plaintiff to respond within Fla. Stat. § 77.041 has expired. Therefore, pursuant to the requirements of Fla. Stat. § 77.041, this Court must deny the request for hearing. Plaintiff failed to reply as required under Fla. Stat. § 77.041, thus the writ is due to be dissolved.

Accordingly, it is now

**ORDERED:**

Defendant's Request for Hearing (Doc. # 16) is **DENIED**. The Clerk of Court is hereby ordered to dissolve the writ ordered at Doc. #15 and notify the parties of the dissolution.

**DONE AND ORDERED** at Fort Myers, Florida, this ___13th___ day of March, 2012.

*Sheri Polster Chappell*
SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies:
Counsel of Record